IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br> )<br> )<br>  v.                )<br> )<br>JAMIE JAVONE EVANS )<br> )<br>        Defendant.   ) | Case No. 1:23-CR-00003-SPB |

**MEMORANDUM ORDER**

Defendant Jamie Javone Evans brings a Motion for Revocation or Amendment of Detention Order (ECF #46), seeking his release from detention prior to trial. A hearing was held on the motion on October 10, 2023, and testimony was heard by the 1.) Defendant's mother, 2.) a possible employer should Mr. Evans be released, and 3.) Defendant himself in the limited subject matter of prison conditions at the Northeast Ohio Correctional Center (NEOCC). The United States opposes the motion.

Mr. Evans presented his mother as a possible custodian with plans to reside at her home, if released. His mother, Tricia Pratt, testified that she is an employed LPN who cares for a teenage autistic and diabetic nonverbal boy in 12-hour daytime shifts Monday through Friday. She testified that other members of her immediate family also reside in the home. Ms. Pratt assured the Court that she would keep her son under close watch so that he does not violate the terms of his release, and that she would bring him to any court appearances personally. She expressed her concern for her son's safety at NEOCC, a concern that she did not have when he was housed at the Erie County Prison. She testified that she is concerned that the things her son has seen at NEOCC will trigger his diagnosed Post Traumatic Stress Disorder. On cross-

1

examination, Ms. Pratt admitted that her son would not be supervised while she worked, and that when her son resided with her previously until 2019, she was unable to keep him from the behavior that litters his criminal history. She also acknowledged that her son failed to appear as required during that timeframe, and when found, often resisted arrest.

      Mr. Evans also presented a friend, James Durr, who is a supervisor at Berry Global, which manufactures caps for jars and bottles. Mr. Durr promised that Mr. Evans would be hired as a material handler at the company, if released.

      Finally, the Defendant took the stand for the agreed-upon limited purpose of providing evidence of the dangerous atmosphere at the NEOCC facility to which he was transferred from the Erie County Prison in July with dozens of other federal detainees. Mr. Evans testified that drugs and weapons were rampant at the facility, stabbings and riots were commonplace, only one guard was responsible for four units of prisoners, and medical personnel were unresponsive or unreliable when needed. This testimony is disturbing to the Court. The Court has informed the U.S. Marshal Service and the Chief District Judge of these claims about the facility, and an investigation into the conditions at NEOCC by the U.S. Marshal Service has begun. As to their relevance to the decision at hand, it is only one factor to be considered, albeit an important one, as the Court is concerned for the safety of all its pretrial detainees.

      The Court must review the factors set forth in 18 U.S.C. §3142(g) *de novo* as the motion was brought anew with additional evidence not seen by the Magistrate Judge who first detained Mr. Evans. In this regard, the Court notes that the following has been demonstrated by clear and convincing evidence or are matters of record:

    - the case involves drugs and weapons;

    - the weight of the evidence is strong against Mr. Evans;

- Mr. Evans has an extensive criminal history;

- Mr. Evans has significant supportive family ties to the Erie area;

- Mr. Evans has the possibility of future employment;

- Mr. Evans has been involved with illegal drugs since his youth;

- Mr. Evans has failed to appear when required at least six times, including once fleeing to Florida where, when discovered, he resisted arrest;

- Mr. Evans was charged with the underlying crimes while serving on state parole;

- Mr. Evans has a history of violence and weapons charges.

The Court finds no comfort in Ms. Pratt's sincere promise to keep her son from violating any conditions of release as she was unable to keep him from committing crimes or fleeing the area when he was sought on criminal charges during the time period he lived with her in the past. All other evidence, except for possible employment, weigh against pre-trial release.

Therefore, in light of strong evidence in support of pre-trial detention after reviewing the factors in sec. 3142(g), IT IS ORDERED the Defendant's Motion for Revocation or Amendment of Detention Order [ECF No. 46] is DENIED.

IT IS FURTHER ORDERED that the defendant is to remain in the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections

facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: <u>October 11, 2023</u>                                                            <u>*s/Susan Paradise Baxter*   </u>
                                                                                           SUSAN PARADISE BAXTER
                                                                                           United States District Judge

4